UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENTREAL EVANS,

Plaintiff,

v. Case No. 26-cv-1002-pp

JORDAN TAYLOR, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Kentreal Evans, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On July 7, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $124.15. Dkt. No. 6. The court received $125 on July 24, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff sues Jordan Taylor, Sergeant Pitts and Sheriff Denita Ball all of whom he says worked at the Milwaukee County Jail. Dkt. No. 1 at 1. The plaintiff alleges that on May 29, 2024, he transferred from Green Bay Correctional Institution to the Milwaukee County Jail for court. Id. at 2. He states that while in the booking room at the jail, Taylor escorted him to a holding cell and directed him to take his clothes off. Id. The plaintiff allegedly replied, "No, call the Lieutenant." Id. The plaintiff states that Taylor then ordered him to put his hands up, which the plaintiff did. Id. The plaintiff alleges that while his hands were raised, the plaintiff yelled to Pitts, "Please

come get him, I told yall he trippen!" Id. The plaintiff alleges that Pitts replied, "Just do whatever he ask[s]" while she was running over to assist. Id. Taylor then allegedly said, "Final directive put your hands up and turn around," but the plaintiff's hands already were in the air. Id. The plaintiff states that he then turned around with his hands still raised when he heard Taylor say, "Taser, Taser, Taser!" He states that his body "locked up" and he fell to the ground when Taylor tasered him without cause. Id.

The plaintiff alleges that because of this incident, he suffered extreme physical and mental pain. Id. at 3. The plaintiff states that he believes Taylor retaliated against him because Taylor was an "alleged victim in case # 23CM2568 a pending case [the plaintiff] was fighting where [Taylor] was transferred to the hospital for suffering 'soft tissue injury' when extracting [the plaintiff's] co-defendants from a Library in the Milwaukee County Jail."[1] Id.

The plaintiff claims that Taylor violated his Eighth Amendment rights because he tasered the plaintiff without cause. Id. The plaintiff also claims that the defendants violated his rights by failing to protect him from Taylor's actions because they knew Taylor was an officer involved in the plaintiff's criminal case. Id. For relief, the plaintiff seeks compensatory damages, punitive damages and injunctive relief. Id. at 4.

[1] In Wisconsin v. Evans, Milwaukee County Case No. 2023CM2568 (available at wcca.wicourts.gov) the plaintiff was charged with violations of Wis. Stat. §§946.41(1), 939.05 (Resisting or Obstructing an Officer, as a Party to a Crime). On January 15, 2026, the charges against the plaintiff were dismissed but read in for the sentencing in another criminal case. Id.

C. Analysis

To state a claim for excessive use of force under the Eighth Amendment, a plaintiff must allege that a defendant applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Rice *ex rel.* Rice v. Corr. Med. Servs., 675 F.3d 650, 668 (7th Cir. 2012). Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force and the extent of injuries caused by the force. Whitley v. Albers, 475 U.S. 312, 321 (1986); Rice, 675 F.3d at 668. A "prisoner need not show a 'significant injury' in order to have a good claim under the [E]ighth [A]mendment, if a guard inflicted pain maliciously or sadistically." Guitron v. Paul, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing Hudson, 503 U.S. at 7).

The plaintiff alleges that Taylor tasered him in the back without cause after the plaintiff had complied with Taylor's directives to put his hands up and turn around. The plaintiff may proceed on an Eighth Amendment excessive force claim against Taylor in his individual capacity based on these allegations.

The plaintiff alleges that he believes Taylor's actions were retaliatory because the plaintiff is a defendant in a criminal case in which Taylor was injured. To plead a retaliation claim, the plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the

defendant's decision to take the retaliatory action." Perez v. Fenoglio, 792 F.3d 768, 783 (7th Cir. 2015) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)). The plaintiff has not stated a retaliation claim against Taylor. His belief that Taylor's actions were retaliatory is speculative and, even if Taylor's actions *were* retaliatory, the plaintiff has not alleged that he engaged in conduct protected by the First Amendment. The plaintiff may not proceed on a retaliation claim against Taylor.

The plaintiff has not stated a claim against Pitts for failing to protect him from Taylor. The plaintiff alleges that when he yelled to Pitts, Pitts responded by telling the plaintiff to follow Taylor's orders as she was "running to assist the situation." Dkt. No. 1 at 2. The plaintiff does not allege that Pitts would have been able to stop Taylor from tasering him or that she otherwise failed to protect the plaintiff from Taylor. See Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010) ("[F]ailure to provide protection constitutes an Eighth Amendment violation only if deliberate indifference by prison officials to a prisoner's welfare 'effectively condones the attack by allowing it to happen.'"). The plaintiff also has not stated a claim against Sheriff Ball. The complaint does not contain any allegations against Ball. The plaintiff has not alleged that Ball personally participated in the alleged incident, nor does he allege that the incident occurred as a result of a county policy or practice. The court will dismiss Ball and Pitts.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Denita Ball and Sgt. Pitts.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on defendant Jordan Taylor. Under the informal service agreement, the court **ORDERS** that defendant to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$225** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 18th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**